## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LEE A. NUGARA, | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | COMPLAINT |
| | ) | |
| NEBRASKA ASSOCIATION OF | ) | |
| PUBLIC EMPLOYEES, and | ) | |
| AMERCIAN FEDERATION OF STATE,) | | |
| COUNTY, AND MUNICIPAL | ) | |
| EMPLOYEES. | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW the Plaintiff by and through his attorney, Robert Wm. Chapin, Jr. and alleges as follows:

### NATURE OF CASE

### 1.

This action is brought pursuant to 42 U.S.C. § 12101 et al, 29 U.S.C. § 623 et al. 42 U.S.C. § 1981a (b)(3) and 28 U.S.C. § 1331. Plaintiff demands a jury trial to be held in Lincoln, Nebraska.

### 2.

### PARTIES

That the plaintiff is a resident of Lincoln, Lancaster County, Nebraska.

### 3.

That the defendant Nebraska Association of Public Employees, "herein after referred to as "NAPE" is a labor union which is a subsidiary of defendant American Federation of State, County and Municipal Employees "herein after referred to a "AFSCME" and has as its principle place of business offices at 5625 "O" Street, Suite 10, Lincoln, NE 68510.

1

**4.**

That defendant AFSCME is a national labor union with its Local office located at 5625 "O" Street, Suite 10, Lincoln, NE 68510.

**FACTS**

**COUNT I**

**5.**

That plaintiff was employed by NAPE as an Organizer and Contract Administrator/Lead Negotiator from May 7, 1997 until September 2, 2008 when he was informed that his position was being terminated due to budgetary reasons.

**6.**

That plaintiff was more qualified and had more seniority than the persons retained by the above defendants.

**7.**

Plaintiff further alleges that the defendant were aware of his age and birth date of August 9, 1009 and aware that he had hurt his back and received workers compensation for six months. Defendants are aware that he uses a handicap sticker as his injury affects his ability to walk short distances. Defendant are also aware that the plaintiff has had a double bypass surgery, has Irritable Bowels Syndrome and Diabetes.

**8.**

That plaintiff was qualified for the positions that were retained by the defendants as he had worked those positions in the past and/or was doing the requirements of the position at the time of his termination.

**9.**

That plaintiff was told repeated by the Executive Director, Mike Marvin "Don't you think it's about time for you to retire with your age and back?"

**10.**

Plaintiff is a white male born on or about August 9, 1950.

**11.**

Plaintiff further alleges that he was qualified for the position and in fact more qualified than the persons retained. Plaintiff further alleges that the parties retained were less than forty years of age, had less seniority, and/or less experience in the positions retained than the plaintiff.

**12.**

That due to the defendants actions, the plaintiff suffered lost in wages, lost in benefits, lost of accrued sick and vacation time and other benefits including retirement contribution.

**13.**

That the plaintiff filed a complaint with the Nebraska Equal Opportunity Commission on or about November 20, 2008 a copy of which is attached hereto as Exhibit "A" and on or about July 13 2009 received a Notice of Right to Sue a copy of which is attached hereto and made apart hereof as Exhibit "B". Plaintiff further alleges that the original complaint was filed within ninety days of June 8, 2006.

**WHEREFORE,** plaintiff prays that the Court finds that the defendants have discriminated against the plaintiff based on age; that the plaintiff should be rehired to his previous position; that if the Court determines that the plaintiff can not in his previous position because of the existence of a hostile environment that the plaintiff be awarded future pay;  that the plaintiff suffered monetary damages in the form of back pay; that the plaintiff suffered

monetary damages in the form of loss increases in pay, loss of pension contributions, loss of social security benefits, loss of health insurance and loss of dental insurance benefits; loss of sick leave and vacation leave; that the actions of the defendant were willful and that the plaintiff is entitled to liquidated damages equal to all damages previously awarded; for attorney's fees and the cost of this action; that the plaintiff be awarded compensatory and punitive damages pursuant 42 U.S.C. § 1981a(b)(3); and for such other and further relief as the Court deems just and equitable.

## COUNT II

### 14.

The plaintiff would incorporate each and every allegation setforth in paragraphs 1 through 13 as though fully setforth herein.

### 15.

That on or about September 23, 2005 the plaintiff filed a Charge of discrimination based on age and disability, based upon both state and federal statutes a copy of which is attached hereto as Exhibit "A".

### 16.

That plaintiff alleges pursuant to 42 U.S.C. § 12101 et al that the defendant discriminated against him based on his disabilities and/or perceived disabilities.

**WHEREFORE,** plaintiff prays that the Court finds that the defendants have discriminated against the plaintiff based on disability; that the plaintiff should be rehired to his previous position; that if the Court determines that the plaintiff can not work in his previous position because of the existence of a hostile environment that the plaintiff be awarded future pay;  that the plaintiff suffered monetary damages in the form of back pay; that the plaintiff

suffered monetary damages in the form of loss increases in pay, loss of pension contributions, loss of social security benefits, loss of health insurance and loss of dental insurance benefits; loss of sick leave and vacation leave; for attorney's fees and the cost of this action; that the actions of the defendant were willful and that the plaintiff is entitled to liquidated damages equal to all damages previously awarded; for attorney's fees and the cost of this action; that the plaintiff be awarded compensatory and punitive damages pursuant 42 U.S.C. § 1981a(b)(3); and for such other and further relief as the Court deems just and equitable.

## COUNT III

### 17.

The plaintiff would incorporate each and every allegation setforth in paragraphs 1 through 16 as though fully setforth herein.

### 18.

That on or about April 8, 2005 the plaintiff and the above defendants entered into a confidential Settlement and Agreement to resolve the dispute that arose at from a lawsuit filed by the plaintiff  against the defendants. In said agreement the parties agreed to reinstate the plaintiff to his previous position and stated "[a]s provided in the NASU bargaining agreement, Nugara shall only be terminated for just cause."

### 19.

That plaintiff alleges that the actions of the defendants as stated above is a breach of that Agreement and have caused him damages.

**WHEREFORE,** plaintiff prays that the Court finds that the defendants have breached the above contract; that the plaintiff suffered monetary damages in the form of back pay; that the plaintiff suffered monetary damages in the form of loss increases in pay, loss of pension

contributions, loss of social security benefits, loss of health insurance and loss of dental insurance benefits; loss of sick leave and vacation leave; for attorney's and the cost of this action; and for such other and further relief as the Court deems just and equitable

Dated this 13th day of October, 2009.

**RESPECTFULLY SUBMITTED,**
**Lee A. Nugara, Plaintiff,**

BY:/s/ Robert Wm. Chapin, Jr.
    Robert Wm. Chapin, Jr. #16534
    412 South 9th Street, Suite 245
    Lincoln, NE 68508
    (402) 441-5858
    (402) 441-5859 FAX